# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

PENLAND, ARGUELLES,[1] and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist THOMAS R. YEPEZ**
**United States Army, Appellant**

ARMY 20210236

Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth
Steven C. Henricks, Military Judge (motions)
Rebecca K. Connally, Military Judge (trial)
Lieutenant Colonel Stephanie R. Cooper, Acting Staff Judge Advocate

For Appellant: Jonathan F. Potter, Esquire; Major Bryan A. Osterhage, JA (on brief).

For Appellee: Major Lisa Limb, JA (on brief).

31 January 2025

-------------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

ARGUELLES, Judge:

A military judge sitting as a general court-martial convicted appellant at his first trial, contrary to his plea, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for twenty-eight months.

On appeal, this court set aside the finding of guilty and sentence after concluding the military judge abused his discretion in excluding evidence under Military Rule of Evidence [Mil. R. Evid.] 412. *United States v. Yepez*, ARMY 20210236, 2023 CCA LEXIS 12 (Army Ct. Crim. App. 11 Jan. 2023) (mem. op.). After the convening authority elected to retry the case, a different military judge

---

[1] Judge ARGUELLES decided this case while on active duty.

sitting as a general court-martial again convicted appellant, contrary to his plea, of one specification of sexual assault in violation of Article 120, UCMJ. The military judge sentenced appellant to a dishonorable discharge and confinement for twenty-four months. The convening authority took no action on the finding or sentence.

This case is again before the court for review pursuant to Article 66, UCMJ. Appellant personally raises eight assignments of errors pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which warrants discussion, but no relief.[2]

## BACKGROUND

Before the first trial, the defense sought to introduce evidence of a flirtatious relationship between appellant and the victim. This evidence consisted of three "selfie" photographs of the victim; the first two depicted her in underwear, and the third depicted her naked with emoji images covering her breasts and genitalia (hereinafter referred to as the "photos"). The defense called the victim to testify in a closed Mil. R. Evid. 412 hearing, where she denied flirting with appellant or sending any of the photos directly to him. Of the third photo, she said that – if she sent it to anyone – she would have sent it directly and exclusively to her boyfriend, a person other than appellant. In contrast with her testimony, the defense offered an "affidavit" from appellant, asserting: (1) he and the victim had a flirtatious relationship before the charged misconduct; (2) the victim sent all three photos directly to him, and not to a larger group of people; (3) the victim sent him the photos in the spring and summer of 2018 (before the alleged assault); and (4) she sent appellant additional photos after the third selfie.

The military judge excluded the photos under Mil. R. Evid. 412, finding that they were neither relevant nor material. We disagreed, finding *inter alia* that "as a matter of legal relevance, the proffered evidence made it more likely for the fact finder to conclude that she sent the photos to appellant, that she consented, or that he honestly and reasonably believed she did." *Yepez*, 2023 CCA LEXIS 12, at *7.

Prior to the second trial, appellant again filed a motion seeking to introduce evidence of the victim and appellant's flirtatious relationship under Mil. R. Evid.

---

[2] We have given full and fair consideration to the other seven matters raised by appellant pursuant to *Grostefon* and find them likewise to be without merit. With respect to appellant's factual sufficiency challenge, we are clearly convinced beyond a reasonable doubt that notwithstanding her intoxication level, the victim was capable of consenting, and did not in fact consent, when she was sexually assaulted. *See United States v. Mendoza*, __ M.J. __, 2024 CAAF LEXIS 590 (C.A.A.F. 5 Mar. 2024); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

412. The military judge hearing the motions ruled that Mil. R. Evid. 412 did not preclude the admission of the photos. As she did in the first trial, during the retrial the victim testified that she was friends with appellant and on 21 June 2018, the date of the assault, went to his apartment where they listened to music, drank alcohol, and played the card game UNO. The victim also testified, however, that she did not have a flirtatious relationship with appellant "in any way." After drinking heavily, the victim got sick and appellant held her hair while she vomited and then encouraged her to rest on a bed, which she did. The victim woke up to appellant "kissing and, like, hands on my body and stuff like that." She intermittently blacked out, but also told appellant to stop and that "I have a boyfriend and you have a wife and this isn't what I want." The victim testified that appellant removed her pants and underwear, saying, "You wanted it. You asked for this. This is what you wanted." According to her testimony, appellant penetrated her vagina with his penis without her consent. The next day, the victim made a restricted report, then changed it to unrestricted approximately one year later. In addition to adducing the victim's testimony, the government called a sexual assault forensic medical examiner and a forensic DNA expert. Taken together, they established DNA transfer between appellant and the victim.

When asked on cross-examination if she sent the photos to appellant, the victim stated, "I cannot remember if I sent these three photos to [appellant]." The victim also admitted that she previously testified that she sent other photos to appellant directly, saying "I have sent photos to him prior, yes," and that she "has probably sent [other] photographs to [appellant]." During this colloquy, the government conceded that appellant was in possession of the photos. The military judge sustained the government's relevance objection to the photos, finding that the defense failed to "make a connection between the photos and this court-martial" as there was insufficient evidence that the victim sent the photos to appellant.

During the retrial, the parties also stipulated that if called to testify, the victim's boyfriend at the time would say that after the incident, the victim told him that she went to a party, blacked out after drinking too much, and awoke to someone raping her. The boyfriend would also testify that the "most provocative" photos the victim sent him were in her underwear getting ready for work. Appellant did not testify at the retrial, and his "affidavit" was neither offered nor admitted into evidence.

Notwithstanding the fact that the military judge did not admit the photos into evidence, defense counsel was still able to argue their significance in terms of rebutting the victim's claim that there was no flirtatious relationship:

> And I'll address first she -- she testified that there was no flirtatious
> relationship, but when presented with a provocative Snapchat, which

we know they text, we know they communicate, we know they send images because she testified to that. She didn't say, "No." She said, "I don't recall. I don't remember sending that." So, "I don't remember" is the response. Because if there was no flirtatious relationship, there should be a "No" to sending that picture.

## LAW AND DISCUSSION

### A. Military Judge's Ruling Excluding the Photos

#### 1. Law

The standard of review of a military judge's ruling on the basis of relevance is abuse of discretion. *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). The abuse of discretion standard is deferential, predicating reversal on more than a mere difference of opinion. *See United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004) ("[T]he abuse of discretion standard of review recognizes that a judge has a range of choices and will not be reversed so long as the decision remains within that range." (internal citation omitted)).

Military Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Military Rule of Evidence 104(b) states that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." The Supreme Court has held that in determining whether a party has introduced sufficient evidence to meet Rule 104(b):

> [T]he trial court neither weighs credibility nor makes a finding that the [party] has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.

*Huddleston v. United States*, 485 U.S. 681, 690 (1988).

In *United States v. Martinezcolon*, we held that "[i]t is well established that 'Military Rule of Evidence 104 is based on the corresponding Federal Rule of Evidence.'" 83 M.J. 700, 702 (Army Ct. Crim. App. 2023) ((internal citation omitted)).

Along the same lines, our superior court held in *United States v. Mirandes-Gonzalez* that in assessing the sufficiency of the evidence under Mil. R. Evid. 104(b), "the trial court must consider all the evidence presented to the jury." 26

4

M.J. 411, 414 (C.M.A. 1988). "Individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." *Id.* (citing *Huddleston*, 485 U.S. at 691); *see also United States v. Yammine*, 69 M.J. 70, 74 n.3 (C.A.A.F. 2010) (noting that "relevance under M.R.E. 401 is enforced through Mil. R. Evid. 104(b)," which requires the court to "examine[] all the evidence in the case and decide whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence (internal citations and quotations omitted)).

Where the defense preserves an objection to the erroneous admission of evidence, the government bears the burden of demonstrating such error is harmless. *United States v. Finch*, 79 M.J 389, 398 (C.A.A.F. 2020) (citing *United States v. Frost*, 79 M.J. 104, 111 (C.A.A.F. 2019)). For preserved nonconstitutional evidentiary errors, as is the case here, the test for prejudice or harmlessness is whether the error had "a substantial influence on the findings." *United States v. Kohlbek*, 78 M.J. 326, 334 (C.A.A.F. 2019) (internal citation and quotations omitted); *United States v. Shaw*, 758 F.3d 1187, 1197 (10th Cir. 2014) (holding that evidentiary errors based on relevance constitute nonconstitutional error). In conducting this prejudice analysis, we weigh: "(1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question." *United States v. Clark*, 79 M.J. 449, 455 (C.A.A.F. 2020) (citing *Kohlbek*, 78 M.J. at 333).

### 2. Analysis

The question before us on this second appeal is whether the defense introduced sufficient proof under Mil. R. Evid. 104(b) to show that it is more likely than not that the victim sent appellant the photos, such that they were relevant under Mil. R. Evid. 401. On the one hand, as noted by the military judge, there was no *direct* connection between the photos and the court-martial. On the other hand, the victim did not outright deny sending the photos, but rather claimed only she did not remember sending appellant the photos. As noted by defense counsel in his closing, an argument can certainly be made that "if there was no flirtatious relationship, there should be a 'No' to sending that picture." The victim also admitted that she sent other photos to appellant. Moreover, looking at all of the other evidence in the case, to include the fact that the victim went to appellant's house by herself to play games and drink heavily, and then lied to her boyfriend about what happened, there is also circumstantial evidence that the victim and appellant were more than "just friends," thus arguably making it more likely that she sent him the photos.

Although a close question, we ultimately need not decide whether the military judge abused her discretion in sustaining the government's relevance objection to the photos. As described above, even if we find error, in order to provide relief, we

must also find that such error was prejudicial. Assuming without deciding the military judge erred in her ruling, because any such error was harmless, appellant's claim must fail.

Applying the *Kohlbek* test, and giving appropriate deference to the fact finder who saw and heard the victim and the other witnesses as they testified, we find that the government had the stronger case. Likewise, with respect to the materiality and quality of the evidence in question, even if the military judge admitted the photos, that does not change the fact that there was still no direct evidence that appellant received the photos from the victim. Put another way, admission of the photos would still not conclusively establish that the victim sent them to appellant. Conversely, to the extent appellant's possession of the photos was circumstantial evidence of a flirtatious relationship, the military judge's ruling did not preclude defense counsel from arguing this point: "So, 'I don't remember' is the response. Because if there was no flirtatious relationship, there should be a 'No' to sending that picture." As such, we find that the quality and materiality factors of the *Kohlbek* balancing test also weigh in favor of the government.

In sum, even assuming without deciding that the military judge erred in sustaining the government's relevance objection, we find that because any such error did not have "a substantial influence on the findings," this claim is without merit.

### B. Sealing Errors

Though not raised by appellant, we find that several portions of appellant's record of trial were erroneously sealed, creating a conflict with the Sixth Amendment right to access courts-martial. We review a military judge's ruling on public access and the sealing of exhibits under an abuse of discretion standard. *United States v. Scott*, 48 M.J. 663, 666 (Army Ct. Crim. App. 1998). The military judge who presided over the motions hearings did not enter a sealing order, but rather indicated in an email: "Although I didn't mention it in the ruling, I believe all the 412 pleadings should be sealed–please treat this email as a court order for that to occur." The second military judge who presided over the trial did not issue any sealing orders.

Relying on the email "sealing order" in preparing the record of trial, the government sealed all of the pleadings and rulings pertaining to Mil. R. Evid. 413, to include Appellate Exhibits XLIX, XLIX-A, LVII, LVII-A, LVII-B, LVII-C, and LVIII. As set forth below, the military judge's subsequent authentication of the record of trial, to include all of these sealed exhibits, was error.

First, unlike Mil. R. Evid. 412, there is nothing in Mil. R. Evid. 413 directing that "[t]he motion, related papers, and record of the hearing must be sealed." M.R.E. 412(c)(2). Moreover, in *United States v. Hershey*, the Court of Appeals for

the Armed Forces (CAAF) held that in addition to an accused's Sixth Amendment right to a public court-martial, the press and the public have a First Amendment right to access courts-martial. 20 M.J. 433, 435-36 (C.A.A.F. 1985). Adopting the same "stringent test" set forth by the Supreme Court for closing criminal trials, the CAAF held that in order to close a court-martial to the public: (1) the military judge must find that there is an overriding interest that is likely to be prejudiced if the proceedings are not closed; (2) the closure must be narrowly tailored to protect that interest; (3) the military judge must consider reasonable alternatives to closure; and, (4) and the military judge must make adequate findings supporting the closure to aid in review. *Id.* at 436 (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, (1980)).[3]

Rejecting the government's claim that protecting the potential victim from embarrassment justified the closure, the CAAF in *Hershey* held that "[u]ndeniably there is a certain amount of mortification imposed on victim-witnesses in sex cases, but that is a condition which cannot be eliminated from our judicial system." *Id.* (citing *United States v. Brown*, 7 U.S.C.M.A. 251, 259, 22 C.M.R. 41, 49 (1956); *see also Scott*, 48 M.J. at 666 ("This qualified right of access to materials entered into evidence may apply with equal validity to exhibits that were presented in public at a trial by court-martial.").[4]

In sum, because there is no basis in the record of trial to justify their sealing, we will order the unsealing of Appellate Exhibits XLIX, XLIX-A, LVII, LVII-A, LVII-B, LVII-C, and LVIII. On the other hand, although this error might have minimally impacted the public interest, because there is no evidence that it in any way harmed the substantial rights of the appellant, he is not entitled to any relief. *Id.* at 666 (holding that no relief warranted where sealing error did not harm appellant's substantial rights).

## CONCLUSION

Upon consideration of the entire record, the finding of guilty and the sentence are AFFIRMED.

---

[3] Rule for Courts-Martial 806(a)(4) codifies this same four-factor test.

[4] We are aware that Article 6b(a)(2)(D), UCMJ, provides that a "victim of an offense under this chapter" has the right to timely notice of any post-trial motion, filing, or hearing that may "unseal privileged or private information of the victim," but find that this provision does not apply here because the sealing was in error. The exhibits were relevant only under MRE 413 and thus were neither privileged nor private information of the victim subject to sealing in the first place.

Judge PENLAND and Judge SCHLACK concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court